NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2013[*]
Decided April 19, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1237

| | |
|---|---|
| LAKESHA NORINGTON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:10-CV-473 |
| MADELINE BROWN, | |
| *Defendant-Appellee.* | William C. Lee, *Judge.* |

**O R D E R**

Lakesha Norington, an Indiana prisoner, appeals the grant of summary judgment for a prison nurse on her claim under 42 U.S.C. § 1983 that the nurse violated the Eighth Amendment by refusing to treat an episode of dizziness, which caused her to fall and sustain a minor cut on her head. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Four days after beginning a hunger strike in prison, Norington experienced a dizzy spell and asked two guards to arrange medical care. She says that she overheard one of the guards tell the other that Nurse Madeline Brown doubted the seriousness of her condition and refused to treat her. Shortly thereafter Norington fell and sustained a minor head wound that required dressing. Four days later she ended her hunger strike, and over the next eight weeks, according to the medical records, prison staff monitored her weight and vital signs and recorded no complications.

After Norington brought this § 1983 suit for deliberate indifference, Brown moved for summary judgment, relying on her affidavit stating that she did not learn about Norington's condition until being brought into the medical unit to dress Norington's head wound. Norington, for her part, submitted a handwritten note from one of the guards stating that "on the day in question" Brown did not assist Norington.

The court granted Brown's motion. The court first questioned whether "a superficial cut that is cleaned and dressed by a nurse" was a serious medical condition. But even if it were, the court concluded that she had not produced sufficient evidence to contradict Brown's affidavit, which denied any knowledge of Norington's dizziness until after the fall. The court refused to consider the guard's handwritten note because it was neither authenticated nor verified.

Norington then filed a "motion to correct error," disputing the court's conclusion that the guard's note was unauthenticated by asserting that she was a custodian of the note. The court denied the motion, reiterating that the note was not authenticated or verified. The court added that the issue was immaterial because Norington has failed to establish that she suffered from a serious medical condition.

On appeal Norington asserts generally that she created a triable issue of fact regarding her deliberate-indifference claim. Her most developed argument is that she properly authenticated the guard's note because, she says, she submitted her own testimony that the guard witnessed the incident and, "upon being asked," wrote the note. But even if the evidence were admissible, it does not show that Brown knew about Norington's dizziness (even assuming that it was a serious medical condition) and refused to treat it, as required to warrant trial on an Eighth Amendment claim. S*ee Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Owens v. Hinsley,* 635 F.3d 950, 955 (7th Cir. 2011); *Freeman v. Berge,* 441 F.3d 543, 546 (7th Cir. 2006).

We have reviewed Norington's remaining contentions, and none has merit.

**AFFIRMED**.